Verde law Firm, PLLC.
RafaelVerde, Esq
Counsel for Petitioner
850 NW 42nd Ave
Ste. 306
Miami, FL 33126

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALEJANDRO COLUMBIE CASTILLO,

                        Petitioner,

        v.

Warden of Broward Transitional Center
                          .

GARRET J. RIPA, in his official capacity as
ICE Field Director,

Secretary of the Department of
Homeland Security,

PAMELA BONDI, in her official
capacity as the United States Attorney
General,

Respondents.

Case No.

**PETITION FOR WRIT OF
HABEAS CORPUS AND COMPLAINT
FOR DECLARATORY AND
INJUNCTIVE RELIEF**

<u>IMMIGRATION HABEAS CASE</u>

**INTRODUCTION**

1.      Alejandro Columbie Castillo (Petitioner) by and through his undersigned counsel, hereby files this petition for a writ of habeas corpus. Upon information and believe, Petitioner Alejandro Columbie is a citizen of Cuba who, entered in the United States at or near Calexico, CA, on or about August 2nd, 2022 and released under his own recognizance on August 3rd, 2022. See Exhibit 1 Copy of Petitioner 's NTA.

2.      The Notice to Appear issued on August 3rd, 2022, placed the Petitioner established that Petitioner in removal proceeding under 8 U.S.C. § 1229a, charging him as an alien present in the United State without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General under INA 212(a)(6)(A)(i).

3.      On or about October 10, 2025, Department of Homeland Security filed before Immigration Judge, a Motion to Dismiss the proceedings against the Petitioner under 8 CFR 1239.2 (c).

4.      On or about the same date, Immigration Judge granted without perjudice the DHS's Motion to Dismiss. See Exhibit 2 , Copy of the Immigration Judge's Order.

5.      As  consequence, on October 10, 2025, pursuant to Enforcement and Removal Operations (ERO) Miami targeted operations, Enforcement and Removal Operations (ERO) Miami arrested the Petitioner, at 333 S. Miami Avenue, Suite 700, Miami, FL 33130 and transported to Miramar Sub- Office for processing as Expedited Removal .

6.      Petitioner has been in detention since and remain under physical custody of Broward Transitional Center. See Exhibit 3 ( ICE Detainee Locator).

PETITION FOR WRIT OF HABEAS CORPUS - 1

7.      Despite Petitioner's post-entry presence in the United States, DHS is detaining him under 8 U.S.C. § 1225(b)(2) based on a newly announced July 8, 2025 DHS policy that reclassifies all individuals who entered without inspection as "applicants for admission" subject to mandatory detention. Relying on this policy, ICE has denied Petitioner any bond hearing, and the Executive Office for Immigration Review ("EOIR") has taken the position that Immigration Judges lack jurisdiction to review his custody.

8.      This detention scheme is unlawful. Section 1225(b)(2) applies to individuals seeking admission at the border or during the inspection process—not to individuals like Petitioner who entered the United States, were released by DHS, and were later placed in removal proceedings. The Immigration and Nationality Act ("INA") instead governs Petitioner's detention under 8 U.S.C. § 1226(a), which authorizes release on bond or conditional parole and guarantees a custody redetermination hearing before an Immigration Judge.

9.      On November 20, 2025, the district court granted partial summary judgment on behalf of individual plaintiffs and on November 25, 2025, certified a nationwide class and extended declaratory judgment to the certified class. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, F. Supp. 3d, 2025 WL 3289861, at 11 (C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-Petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873- SSS-BFM, F. Supp. 3d, 2025 WL 3288403, at 9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment).

PETITION FOR WRIT OF HABEAS CORPUS - 2

10.     The declaratory judgment held that the Bond Denial Class members are detained under U.S.C. § 1226(a), and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Maldonado Bautista*, 2025 WL 3289861, at 11.

11.     Nonetheless, the Executive Office for Immigration Review and its subagency the Immigration Court and the Department of Homeland Security (DHS) have blatantly refused to abide by the declaratory relief and have unlawfully ordered that Petitioner be detained the opportunity to be released on bond.

12.     On December 18, 2025, a Final Judgment was entered on Maldonado Bautista declaring that Bond Eligible Class members are detained under 8. U.S.C §1226(a) and not subject to mandatory detention; declaring that Bond Eligible Class members are entitle to consideration for release on bond by immigration officers or entitle for a bond hearing before an immigration judge; vacating DHS policy "Interim Guidance regarding Detention Authority for Applicants for Admission" from July 8, 2025; and granting final judgment to Claims I, II, and III of the Amended Class Complaint. Maldonado Bautista, 2025 WL 3289861.

13.     Petitoner is a member of the Bond Elegible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.).

14.     On January 5th, 2026, undersigned counsel on behalf of Petitioner filed before Immigration Court, Petitioner's Bond and Custody Redetermination Request.

15.     On or about January 6th, 2026, Immigration Judge denied Petitioner's request: "Based on the plain language of section 235(b)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(2)(A) (2018), Immigration Judges lack authority to hear Bond requests or to grant bond to aliens who are present in the United States without admission. See Matter of

PETITION FOR WRIT OF HABEAS CORPUS - 3

YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025)." See Exhibit 4 , Immigration Judge's Final Order.

16.    On or about March 4th, 2026, undersiged counsel, once again, filed on behalf of petitioner, another Bond and Custody Redetermination Request.

17.    On or about March 9th, 2026, Immigration Judge denied the Petitioner's request because "[n]o material change in circumstances established since prior bond hearing in January 6, 2026 before IJ Neuman. see 8 CFR section 1003.19(e). Based on the plain language of section 235(b)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(2)(A) (2018), Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission. See Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025). Alternative Petitioner has not met his burden in establishing NOT a flight risk. Petitioner's NTA was dismissed by Judge Burgess on October 10, 2025. No application for relief for Petitioner to appear at a future hearing date. see Matter of Guerra". See as Exhibit 5, Immigration Judge Final Order.

18.    Because DHS and EOIR denied the Petitioner's bond's request, exhaustion of administrative remedies is futile. Petitioner therefore seeks a writ of habeas corpus ordering his release unless the government provides him with a prompt bond hearing pursuant to § 1226(a).

19.    Respondents' new legal interpretation is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like Petitioner.

20.    Petitioner has been detained for approximately five months under conditions that are severely deteriorating his health and well-being and that raise serious constitutional concerns. As a civil immigration detainee, Petitioner cannot be subjected to punitive conditions of

PETITION FOR WRIT OF HABEAS CORPUS - 4

confinement. However, the conditions at the detention facility are effectively punitive and are causing substantial harm to his physical and mental health.

21.     Accordingly, Petitioner seeks a writ of habeas corpus requiring that he be released unless Respondents provide a bond hearing under § 1226(a) within fourteen days.

## JURISDICTION

22.     Petitioner is in the physical custody of Respondents. Petitioner is detained at the Broward Transitional Center.

23.     This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

24.     This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

25.     Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the South Distric of Florida, the judicial district in which Petitioner currently is detained.

26.     Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the South Distric of Florida.

## REQUIREMENTS OF 28 U.S.C. § 2243

27.     The Court must grant the petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an

PETITION FOR WRIT OF HABEAS CORPUS - 5

order to show cause is issued, the Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

28.     Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## **PARTIES**

29.     Petitioner Alejandro Columbie Castillo is a citizen of Cuba who has been in immigration detention since October 10, 2025 in Broward Transitional Center, Broward County, Florida. Petitioner has resided in the United States since August 2nd, 2022.

30.     Current Warden of the Broward Transitional Center has custody over the petitioner. Current Warden is sued in it official capacity as an agent of the United States.

31.     Respondent, Garret J. Ripa, is the Filed Office Director of Immigration and Customs Enforcement. He is in charge of the custody of all Immigration and Customs Enforcement detainess currently pending removal proceedings and determinations in the Miami Field Office including Fort Lauderdale District where is located Broward Transitional Center. Respondent is sued in his official capacity as an agent of the United States Goverment.

32.     Current Secretary of the Department of Homeland Security is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Current Secretary has ultimate custodial authority over Petitioner and is sued in its official capacity.

PETITION FOR WRIT OF HABEAS CORPUS - 6

33.     Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

### LEGAL FRAMEWORK

34.     The Immigration and Nationality Act ("INA") establishes three distinct detention frameworks for noncitizens in removal proceedings, depending on procedural posture and timing of apprehension.

35.     First, 8 U.S.C. § 1226 governs the detention of noncitizens placed in standard removal proceedings under 8 U.S.C. § 1229a. Under § 1226(a), DHS may detain or release a noncitizen on bond or conditional parole pending a decision on removability. Except for those subject to mandatory detention under § 1226(c), individuals detained under § 1226(a) are entitled to a custody redetermination hearing before an Immigration Judge ("IJ"). See 8 C.F.R. §§ 1003.19(a), 1236.1(d).

36.     Second, the INA provides for mandatory detention under 8 U.S.C. § 1225(b) for certain noncitizens who are apprehended at the border or who are treated as applicants for admission during the inspection process, including individuals subject to expedited removal under § 1225(b)(1) and other arriving noncitizens under § 1225(b)(2).

37.     Third, 8 U.S.C. § 1231 governs detention following the entry of a final order of removal.

38.     This case concerns the unlawful application of § 1225(b)(2) to Petitioner, who is properly subject to detention authority, if any, under § 1226(a).

39.     Sections 1225 and 1226 were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, §§ 302–03, 110 Stat. 3009-546. Section 1226(a) was most recently amended by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), but Congress did not alter the statute's fundamental distinction between noncitizens apprehended at the border and those already present in the United States.

40.     Following IIRIRA's enactment, EOIR promulgated regulations explaining that noncitizens who entered without inspection and were later apprehended within the United States were generally detained under § 1226(a), not § 1225(b). See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

41.     For decades thereafter, DHS and EOIR consistently treated noncitizens who entered without inspection but were not apprehended at the border—including Cuban nationals issued Forms I-220A—as detained under § 1226(a) and therefore eligible for bond hearings before an IJ, absent a statutory bar. This practice reflected both longstanding agency interpretation and historical detention practices predating IIRIRA. See 8 U.S.C. § 1252(a) (1994); H.R. Rep. No. 104-469, pt. 1, at 229 (1996).

42.     On July 8, 2025, ICE, in coordination with the Department of Justice, announced a new policy entitled *Interim Guidance Regarding Detention Authority for Applicants for Admission*, which abruptly reversed decades of settled practice.

43.     Under this new policy, DHS asserts that all noncitizens who entered the United States without inspection—regardless of how long they have resided in the country or where they were apprehended—are "applicants for admission" subject to mandatory detention under 8

PETITION FOR WRIT OF HABEAS CORPUS - 8

U.S.C. § 1225(b)(2)(A). The policy applies retroactively and reaches individuals who have lived in the United States for months, years, or decades.

44. In a May 22, 2025 unpublished decision, the Board of Immigration Appeals adopted this same position, holding that noncitizens who entered without admission or parole are categorically ineligible for bond because they are detained under § 1225(b), thereby stripping Immigration Judges of bond jurisdiction.

45. As a result of this policy and EOIR's adoption of it, Immigration Judges now refuse to entertain bond requests from individuals like Petitioner. Any attempt by Petitioner to seek a bond hearing would therefore have been futile, as EOIR has taken the position that it lacks authority to grant such relief.

46. Federal courts have rejected DHS's and EOIR's interpretation as contrary to the INA. In *Rodriguez Vazquez v. Bostock*, the U.S. District Court for the Western District of Washington held that § 1226(a), not § 1225(b), governs the detention of noncitizens who entered without inspection but were apprehended after entry and placed in § 1229a proceedings. 2025 WL 1193850, at *11–14 (W.D. Wash. Apr. 24, 2025). Similarly, the District of Massachusetts granted habeas relief on the same grounds in *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

47. The plain text of § 1226(a) confirms that it applies by default to all noncitizens "pending a decision on whether the [noncitizen] is to be removed from the United States," including those charged as inadmissible under § 212(a). Removal proceedings conducted under § 1229a are expressly designed to adjudicate both inadmissibility and deportability.

48. Congress made clear that § 1226 applies to individuals charged as inadmissible, including those who entered without inspection. See 8 U.S.C. § 1226(c)(1)(E). The existence of

PETITION FOR WRIT OF HABEAS CORPUS - 9

specific mandatory-detention exceptions in § 1226(c) demonstrates that, absent those exceptions, § 1226(a) governs detention and provides for bond eligibility. See *Rodriguez Vazquez*, 2025 WL 1193850, at *12 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)).

49.     By contrast, § 1225(b) is a border-centric statute that applies to noncitizens seeking admission at ports of entry or apprehended in close temporal and geographic proximity to entry. Its structure is premised on inspection and admission determinations at the threshold of the United States. As the Supreme Court has explained, § 1225(b)'s mandatory detention scheme applies "at the Nation's borders and ports of entry." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

50.     Petitioner, a Cuban national issued a Form I-220A, Under of release of recognizance, was not apprehended at the border or during the inspection process. He had already entered the United States and was later placed in standard removal proceedings under § 1229a. Accordingly, § 1225(b)(2) does not apply to his detention.

51.     DHS's continued detention of Petitioner under § 1225(b)(2), and its refusal to provide his with a bond hearing, violates the INA and unlawfully deprives him of the procedural protections guaranteed under § 1226(a).

**FACTS**

52.     Petitioner has resided in the United States since August 2nd, 2022 and lives in Miami, Florida since he arrived.

53.     On October 10, 2025, the Petitioner was arrested by Enforcement of Removal Operation Miami at 333 S. Miami Avenue, Suite 700, Miami, FL 33130, while he was

complying with his mandatory attendance at a Master Hearing scheduled by the Immigration Judge. The Petitioner is currently detained at the Broward Transitional Center.

54. DHS placed Petitioner in removal proceedings before the Miami Immigration Court pursuant to 8 U.S.C. § 1229a. ICE has charged Petitioner with, *inter alia*, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.

55. Petitioner is a law-abiding and responsible individual with a longstanding record of honesty and integrity. He maintains stable employment, supports his family, and contributes positively to his community. See Exhibit 6 Copy of Petitioner's Employer verification letter.

56. These factors demonstrate that he has strong community ties, is self-sufficient, and poses no threat to public safety. See Exhibit 7, Family and friend personal statement along with copy of their Identification.

57. Given his unblemished record and reliable character, Petitioner is highly unlikely to fail to appear for future proceedings. Accordingly, his continued presence in the United States presents no risk, and release is both safe and appropriate.

58. Petitioner is neither a flight risk nor a danger to the community. Mr. Francisco Reniel Cabrera Navarro, a lawful permanent resident and longtime friend of the Petitioner, has agreed to act as his sponsor and provide support during the course of these immigration proceedings.

59. Upon release, Petitioner will reside at a stable and permanent residence. His sponsor has committed to providing housing, food, and all necessary support throughout the duration of these proceedings. This stability further minimizes any risk that Petitioner would fail to appear. Mr. Cabrera has adequate financial resources to support Petitioner and has expressed a

PETITION FOR WRIT OF HABEAS CORPUS - 11

firm commitment to doing so. See Exhibit 8 , Letter of Support for Sponsor along with copy of Identification and Sponsor's 2023-2025 Joint Federal Income Tax Returns.

60.     Petitioner has never been arrested or convicted of any criminal offense.

61.     Petitioner is not subject to mandatory detention under INA § 236(c), as he has not been convicted of any offenses that would trigger mandatory detention based on deportability or inadmissibility grounds.

62.     Following Petitioner's arrest and transfer to Transitional Broward Center, ICE issued a custody determination to continue Petitioner's detention without an opportunity to be released on other conditions.

63.     As a result, Petitioner remains in detention. Without relief from this court, he face the prospect of months, or even years, in immigration custody, separated from his wife, family and community.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of the INA**
**Request for relief Pursuant to Maldonado Bautista**

64.     Petitioner repeats and realleges the foregoing paragraphs as if fully set forth herein.

65.     Petitioner is a member of the Bond Eligible Class recognized in *Maldonado Bautista v. McAleenan.*

66.     In Maldonado Bautista, the United States District Court granted partial summary judgment and held that Respondents violate the Immigration and Nationality Act when they apply the mandatory detention provision at 8 U.S.C. § 1225(b)(2)to members of the Bond Eligible Class.

PETITION FOR WRIT OF HABEAS CORPUS - 12

67. The Court subsequently granted class certification and extended the same declaratory relief to all members of the Bond Eligible Class.

68. A final judgment was entered on December 18, 2025, and that judgment has the full force and effect of a final declaratory judgment pursuant to 28 U.S.C. § 2201(a).

69. Respondents are parties to Maldonado Bautista and are bound by that judgment.

70. Petitioner falls within the Bond Eligible Class because he entered the United States and was residing in the country prior to being apprehended and placed in removal proceedings.

71. Under the Court's ruling in Maldonado Bautista, individuals in Petitioner's circumstances are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

72. Instead, such individuals are detained, if at all, pursuant to 8 U.S.C. § 1226(a) and are entitled to an individualized bond hearing before an Immigration Judge unless a statutory bar applies.

73. By continuing to detain Petitioner under § 1225(b)(2) and denying him a bond hearing under § 1226(a), Respondents are acting contrary to the INA and in violation of the Court's binding judgment in Maldonado Bautista.

74. Respondents' continued detention of Petitioner under 8 U.S.C. § 1225(b)(2) reflects an ongoing failure to comply with the binding declaratory judgment issued in *Maldonado Bautista v. McAleenan*. That decision squarely held that noncitizens who entered the United States and were residing in the country prior to their apprehension cannot be subjected to mandatory detention under § 1225(b)(2) and instead fall within the detention framework of 8 U.S.C. § 1226(a).

PETITION FOR WRIT OF HABEAS CORPUS - 13

75.     Despite this clear ruling and the final judgment entered by the Court, Respondents continue to detain Petitioner under § 1225(b)(2) and deny him the bond hearing to which he is entitled under § 1226(a). This continued detention directly contravenes both the Immigration and Nationality Act and the Court's declaratory judgment. Habeas relief is therefore necessary to enforce federal law and remedy Petitioner's unlawful detention.

76. Petitioner's continued detention is therefore unlawful.

77. Habeas relief is warranted to remedy this unlawful detention.

## COUNT II
### Violation of Fifth Amendment
### Procedural Due Process

78.     Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

79.     The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

80.     Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of liberty interests protected under the Due Process Clause of the Fifth Amendment to the United States Constitution.

81.     To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

PETITION FOR WRIT OF HABEAS CORPUS - 14

82.     Pursuant to Mathews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

83.     Petitioner has a significant interest at stake. Being free from physical detention by one's own government "is the most elemental of liberty interests." See *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

84.     Petitioner is being held in the same conditions as criminal inmates and is far from his family, who desperately require both his financial assistance and logistical support.

85.     There is a large risk of erroneous deprivation of Petitioner liberty interest through the procedures used in this case (in this case none) and there are available alternative procedures which would ameliorate those risks.

86.     The risk of deprivation is substantial because the prior bond hearing was denied by the Immigration Judge for lack of jurisdiction. As a result, the Petitioner was left without any available administrative remedy to challenge his continued detention. Consequently, the Petitioner has filed the present petition for a writ of habeas corpus in order to contest his arbitrary and prolonged detention.

87.     Respondents have not determined Petitioner to be flight risk or danger to the community or any other individualized factors; rather, they have unliterally deprived Petitioner of his liberty based upon an erroneous reinterpretation of legal authority that strains credulity and runs against the grain of long-standing precedent, existing statutory and regulatory authority, and

PETITION FOR WRIT OF HABEAS CORPUS - 15

established agency policies and practices as well as an overwhelming amount of District Court authority holding same detention is unlawful.

88.     There are no significant governmental interest at stake related to Petitioner's continued detention because his availability for removal proceedings may be secured by less restrictive means, i.e., bond, in light of the fact that Petitioner is neither a danger to any community nor a flight risk.

89.     As a direct and proximate result of the violation of Petitioner's procedural due process rights, Petitioner has suffered and will continue to suffer injury.

## RESERVATION OF RIGHTS

Petitioner reserves the right to add additional allegations of agency error and relate cause of actions upon receiving the certified administrative record.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

a.     Assume jurisdiction over this matter;

b.     Enjoin the Respondant from transferring Petitioner outside the jurisdiction of the U.S. District of the Southern District of Florida, Fort Lauderdale Division.

c.     Issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;

d.     Order ICE to immediately provide Petitioner and his Immigration Counsel with the contact information of his assigned Deportation Officer;

e.     Alternative, issue a writ of habeas copus requiring Respondents to release Petitioner unless provide a bond hearing pursuant to to 8 U.S.C. § 1226(a) within seven days; at which the government bears the burden to justify continued

PETITION FOR WRIT OF HABEAS CORPUS - 16

detention by clear and convincing evidence, ensuring that Petitioner received meanigful access to relief in accordance with the Fifth Amendment's Due Process Clause;

    f.    Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

    g.    Grant any other and further relief that this Court deems just and proper.

DATED this 20th of March, 2026.

/s/ *Rafael Verde*
_____
Rafael Verde, Esq.
Counsel for Petitioner
850 NW 42nd Ave
Ste. 306
Miami, FL 33126
EOIR ID: HH284988
*Attorneys for Petitioner*

PETITION FOR WRIT OF HABEAS CORPUS - 17

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of Petitioner because I am one of Petitioner's attorneys. I have discussed with Petitioner's family the events described in this Petition. I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this  20th day of March, 2026.

Respectfully Submitted,

/s/ *Rafael Verde*

Rafael Verde, Esq.
Counsel for Petitioner
850 NW 42nd Ave
Ste. 306
Miami, FL 33126
EOIR ID: HH284988

PETITION FOR WRIT OF HABEAS CORPUS - 18