UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-60812-CIV-DAMIAN

ALEJANDRO COLUMBIE CASTILLO,

       Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, et al.,

       Respondents.

_____/

**RESPONDENTS' RESPONSE TO ORDER TO SHOW CAUSE**

Respondents, Warden, Broward Transitional Center, et al.,[1] hereby respond to the Court's Order to Show Cause (ECF NO. 4).

Petitioner Alejandro Columbie Castillo ("Petitioner") challenges his detention by U.S. Immigration and Customs Enforcement ("ICE"). On March 20, 2026, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. The Court has ordered the government to show cause why the petition should not be granted.

The government has carefully reviewed this petition and determined that the legal issues presented concern the statutory authority for U.S. Immigration and Customs Enforcement's ("ICE") detention of Petitioner under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a), the Court's

---

[1] A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 USC § 2243. In cases involving present physical confinement, the Supreme Court reaffirmed in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Petitioner is currently detained at Broward Transitional Center. *See* Petition at ¶ 1. The only appropriate respondent named is Director Juan Gonzalez. All other respondents should be dismissed.

jurisdiction to hear such a claim under 8 U.S.C. § 1252, whether Petitioner is entitled to a bond hearing, and if so, whether Petitioner must first exhaust his administrative remedies. While reserving all rights, including the right to appeal, the government respectfully submits this abbreviated response to the Court's Order to Show Cause in lieu of a formal responsive memorandum of law to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter. If the Court prefers to receive a formal memorandum of law, the government will submit one upon request.

It is the government's position that Petitioner is subject to mandatory detention under § 1225(b)(2), because he was present in the United States without being admitted or paroled. *See Buenrostro-Mendez v. Bondi,* No. 25-20496, 25-40701, \_\_\_F. 4th \_\_\_, 2026 WL 323330 (5th Cir. Feb. 6 2026) (holding that the noncitizen petitioners in removal proceedings were subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because they were present in the United States without being admitted or paroled, despite having entered illegally many years ago). In *Buenrostro-Mendez*, the Fifth Circuit Court of Appeals recognized that presence without admission renders an individual like Petitioner both an "applicant for admission" and "seeking admission" under 8 U.S.C. § 1225(b)(2) and therefore subject to mandatory detention--regardless of how much time the individual has been present in the United States. *Buenrostro-Mendez*, at \*4-9.

Several Judges in this District have reached the same conclusion. *See, e.g., Morales v. Noem*, et al., No. 25-62598-CIV SINGHAL, ECF No. 10 (S.D. Fla. Jan. 29, 2026))(same); *Perez Morales v. Noem*, et al., No.26-60251-CIV DIMITROULEAS, ECF No. 15 (S.D. Fla. Feb. 9, 2026)(same, adopting the analysis of the majority opinion in *Buenrostro*); *Mokanu v. Warden, Federal Detention Center Miami*, No. 25-24121-ARTAU, ECF No. 19 (S.D.Fla. Feb. 19, 2026) (holding that 8 USC 1252(g) prohibits the Court in a habeas proceeding from reviewing the denial

of bond to a person present without admission or parole who is detained pursuant to 8 U.S.C. § 1225, and, on the merits, finding that petitioner who had been present in the country for years on humanitarian parole was an applicant for admission and subject to detention under 8 USC 1225(b)(2); *Hernandez v. Miamia Field Office Director*, Case No. 26-20440-ALTMAN, ECF No. 8 (S.D. Fla. Feb. 27, 2026) ("The plain text of § 1225(a)(1) defines aliens, like our [p]etitioner, as "applicants for admission" notwithstanding their distance from the border or the time they've spent in the United States without admission").

The government acknowledges, however, that several Judges in this District have reached the opposite conclusion. *See, e.g., Aguilar Merino v. Ripa*, No. 25-23845-CIV-MARTINEZ, 2025 WL 2941609, at *3, 8 (S.D. Fla. Oct. 15, 2025) ("§ 1226(a), not § 1225(b)(2), governs Petitioner's detention"); *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-24292-CIV-WILLIAMS, ECF No. 41 (S.D. Fla. Oct. 10, 2025) ("§ 1226 governs Petitioner's detention"); *Hernandez Alvarez v. Acting Warden Roger Morris*, et al., Case No. 25-24806-CIV-WILLIAMS, ECF No. 6 (S.D. Fla. Oct. 27, 2025) (agreeing with petitioner that "detention is governed by 8 U.S.C. § 1226(a), which allows for the release of noncitizens on bond . . . not § 1225(b)(2), applicable to noncitizen "applicant[s] for admission" to the United States.); *Cerro Perez v. Parra*, et al., Case No. 25-24820-CIV-WILLIAMS, ECF No. 9 (S.D. Fla. Oct. 27, 2025) (same); *Alvarez Puga v. Assistant Field Office Director Krome,* et al., No. 25-24535-CIV-ALTONAGA (S.D. Fla. Oct. 15, 2025) (concluding that "prudential exhaustion requirements are excused for futility" and finding that "section 1226(a) and its implementing regulations govern Petitioner's detention, not section 1225(b)(2)(A)"); *Zamora Policarpo v. Parra*, Case No. 25-25236-CIV-COHN, ECF No. 8 (S.D. Fla. Dec. 22, 2025) (finding good cause to excuse Petitioner's failure to exhaust administrative remedies where it is evident the BIA will reject Petitioner's request for a bond hearing or release

and that Petitioner is subject to detention under § 1226(a) and entitled to a bond hearing before an immigration judge);*Duvallon Boffill*, et al., Case No. 25-25179-CIV-BECERRA, ECF No.9 (Nov. 20, 2025) (concluding that jurisdiction is not barred by 8 U.S.C. § 1252, exhaustion was not required, and  that the petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)); *Ocampo Fernandez v. Ripa*, No. 25-24981-CIV-LEIBOWITZ, ECF No. 17 (S.D. Fla. Nov. 25, 2025) (declining to follow BIA order in *Hurtado* and holding that "Petitioner is detained pursuant to Section 1226 and is therefore entitled to a bond hearing"); *Espinal Encarnacion v. ICE Field Office Director*, et al., Case No. 25-61898-CIV-DAMIAN, ECF No. 29 (Dec. 23, 2025) ("this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)"); Ocegueda Gonzalez v. Noem, et al., Case No. 25-62261-CIV-MIDDLEBROOKS/AGUSTIN-BIRCH, ECF No. 25 (Dec. 23, 2025) ("Having concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a), Petitioner is entitled to an individualized bond hearing before an immigration judge."); and *Fuentes Granados v. Secretary of Homeland Security*, Case No. 26-60020-CIV-SMITH, ECF No. 7 (S.D. Fla. Jan. 27, 2026) ("Petitioner is being unlawfully detained due to his improper classification as "an alien who is an applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2)(A)[;] . . .Petitioner's proper classification is a detainee pursuant to 8 U.S.C. § 1226(a)"); *Montero v. Warden of the Federal Detention Center Miami*, Case No. 25-25650-CIV-HUCK, ECF No. 14 (S.D. Fla. Feb. 18, 2026) ("the Court concludes that section 1226(a)—not section 1225(b)—governs Petitioner's detention").

The government is appealing the judgment that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b), governs detention under the facts presented in the cases above appealing to the Eleventh Circuit in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, et al., No. 25-14065

(11th Cir.) and *Cerro Perez v. Assistant Field Office Director*, et al., No. 25-14075 (11th Cir.). Until the foregoing appeals are resolved, however, the government acknowledges that this Court's recent decision in *Espinal Encarnacion v. ICE Field Office Director*, et al., Case No. 25-61898-CIV-DAMIAN, ECF No. 29 (Dec. 23, 2025) ("this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)") would control the result here if the Court adheres to that decision, as the legal arguments are not materially distinguishable for purposes of the Court's decision on the issue of which statutory provision authorizes Petitioner's detention.

Thus, while the government does not consent to issuance of the writ and reserves all rights, including the right to appeal, and to conserve judicial and party resources while expediting the Court's consideration of this case, the government hereby relies upon, and incorporates by reference, the legal arguments it presented in *Espinal Encarnacion v. ICE Field Office Director*, et al., Case No. 25-61898-CIV-DAMIAN, ECF No. 29 (Dec. 23, 2025) ("this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)"), and the Court can decide this issue without further briefing. However, as noted above, should the Court prefer to receive a formal opposition brief in this matter, the government will file such a brief upon the Court's request.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:   s/ *Alexander N. DerGarabedian*
      Alexander N. DerGarabedian
      ASSISTANT U.S. ATTORNEY
      Court ID A5503439
      United States Attorney's Office
      500 East Broward Blvd., Suite 700
      Fort Lauderdale FL 33394
      Telephone: (954) 660-5792
      E-Mail: Alexander.DerGarabedian@usdoj.gov

      *Counsel for Respondents*