Verde Law Firm, PLLC.
Rafael Verde, Esq
Counsel for Petitioner
850 NW 42nd Ave
Ste. 306
Miami, FL 33126

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALEJANDRO COLUMBIE CASTILLO,

                      Petitioner,

         v.

Warden of Broward Transitional Center,

GARRET J. RIPA, in his official capacity as
ICE Field Director,

Secretary of the Department of
Homeland Security,

PAMELA BONDI, in her official
capacity as the United States Attorney
General,

                    Respondents.

Case No. 0:26-CV-60812-CIV-DAMIAN

**PETITIONER'S REPLY IN SUPPORT OF HABEAS PETITION**

IMMIGRATION HABEAS CASE

## I. INTRODUCTION

Petitioner has been detained by the Department of Homeland Security ("DHS") since October 10, 2025, now nearly six months, under 8 U.S.C. § 1225(b)(2)(A). Respondents maintain that Petitioner's detention is "mandatory". This argument fails to respect controlling constitutional limits on prolonged detention without individualized review under the Due Process Clause of the Fifth Amendment. U.S. Const. amend. V.

The Supreme Court and the Fifth Circuit repeatedly emphasize that civil immigration detention must be reasonable in duration and justified by its purpose. See *Demore v. Kim*, 538 U.S. 510, 526 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Prolonged detention without meaningful review becomes unconstitutional even where statutory authority for initial detention exists.

Respondents' Response fails to justify Petitioner's continued detention without a bond hearing. Although Respondents argue that 8 U.S.C. § 1225(b)(2) applies, they concede that controlling and persuasive authority within this District—including decisions of this Court—hold that detention under facts materially indistinguishable from Petitioner's is governed by 8 U.S.C. § 1226(a).

Because § 1226(a) applies, Petitioner is entitled to an individualized bond hearing or in the alternative an immediaty release. Continued detention without such a hearing violates both the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

PETITION FOR WRIT OF HABEAS CORPUS - 1

## II. THE GOVERNMENT HAS NOT MET ITS BURDEN TO JUSTIFY DETENTION UNDER § 1225(b)

Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) rests on an overly expansive and legally unsupported interpretation of the term "applicant for admission."

Section 1225 governs individuals who are seeking admission into the United States—i.e., those at the border or its functional equivalent. By contrast, Congress created 8 U.S.C. § 1226 to govern the detention of noncitizens who are already present in the United States and placed in removal proceedings.

The Supreme Court has emphasized that these provisions serve distinct functions within the statutory scheme. See *Jennings v. Rodriguez*, 583 U.S. ___ (2018), 138 S. Ct. 830 (distinguishing detention authority under §§ 1225 and 1226). Reading § 1225 to apply to individuals like Petitioner- already physically present- collapses this framework and renders §1226 largely superfluous.

Respondents' interpretation would create mandatory, potentially indefinite detention for noncitizens long present in the United States without any meaningful opportunity for release—an outcome Congress did not authorize and the Constitution does not permit. Courts must avoid interpretations that produce unreasonable or absurd results.

Importantly, Respondents concede that numerous courts in this District—including this Court—have rejected their interpretation and held that § 1226(a) governs materially identical cases. Those decisions correctly preserve the distinction between §§ 1225 and 1226 and avoid serious constitutional concerns.

PETITION FOR WRIT OF HABEAS CORPUS - 2

Accordingly, the Court should reject Respondents' expansive reading and hold that Petitioner's detention is governed by § 1226(a), entitling him to an individualized bond hearing.

### III. THIS COURT SHOULD FOLLOW ITS PRIOR DECISION

Respondents expressly concede that this Court's prior decision in *Espinal Encarnacion v. ICE Field Office Director,* Case No. 25-61898-CIV-DAMIAN (S.D. Fla. Dec. 23, 2025), controls the outcome here and that the legal and factual issues in this case are "not materially distinguishable." This concession is dispositive.

Where the government admits that a prior ruling governs and the facts are materially the same, judicial consistency requires the Court to apply the same legal standard. The principle that similarly situated petitioners must receive equal treatment is a core tenet of fairness and the orderly administration of justice. To treat Petitioner differently would create arbitrary disparities among detainees in this District, undermining both statutory and constitutional norms.

*Espinal Encarnacion* held that detention under circumstances materially identical to those here is governed by 8 U.S.C. § 1226(a), entitling the petitioner to an individualized bond hearing. Respondents offer no meaningful distinction to justify a different outcome. Their reliance on out-of-circuit or non-binding authority does not override this Court's binding precedent, nor does the pendency of appeals diminish its persuasive or controlling effect.

Moreover, statutory interpretation confirms the correctness of *Espinal Encarnacion*. Section 1225(b) applies to individuals seeking admission at or near the border. Petitioner, already physically present within the United States, is governed by § 1226(a). Respondents' expansive reading of § 1225(b) would nullify § 1226(a), create mandatory, potentially indefinite detention

PETITION FOR WRIT OF HABEAS CORPUS - 3

for individuals long present in the United States, and raise serious constitutional concerns under the Due Process Clause. This Court's prior decision appropriately reconciles the statutory scheme with constitutional limitations, a reconciliation the government itself implicitly acknowledges by conceding the result.

Accordingly, Respondents' concession, the lack of any distinguishing facts, and the statutory framework collectively make this a straightforward case: Petitioner's detention is governed by § 1226(a), and he is entitled to an individualized bond hearing. There is no lawful or principled basis to deny relief.

## IV. NON-BINDING AUTHORITY DOES NOT OVERRIDE THIS COURT'S PRECEDENT

Respondents rely heavily on out-of-circuit and non-binding district court decisions to argue that Petitioner's detention may fall under 8 U.S.C. § 1225(b). These authorities are neither controlling nor persuasive in this District.

By contrast, this Court has already addressed materially identical facts and statutory questions in *Espinal Encarnacion v. ICE Field Office Director*, holding that detention under circumstances indistinguishable from Petitioner's is governed by 8 U.S.C. § 1226(a). The government itself concedes that the facts in the present case are not materially distinguishable from *Espinal Encarnacion*. That concession underscores that the Court's prior decision is both controlling and dispositively applicable here.

Judges within this District are bound by the principle that a court should adhere to its own prior rulings in cases where the facts and legal issues are materially the same. Deviating from

PETITION FOR WRIT OF HABEAS CORPUS - 4

established precedent based on non-binding or out-of-circuit authority would undermine judicial consistency and create arbitrary disparities between similarly situated petitioners.

Furthermore, Respondents' reliance on other district cases highlights the uncertainty and conflicting interpretations of § 1225(b) and § 1226(a), precisely why this Court's prior decision provides the authoritative guidance for resolving these issues. Ignoring it would not only contravene statutory structure—by conflating applicants for admission with noncitizens already present—but would also exacerbate serious due process concerns by allowing prolonged, potentially indefinite detention without meaningful review.

Therefore, non-binding authority cannot override this Court's reasoned holding. Petitioner's detention must be evaluated under § 1226(a), entitling him to an individualized bond hearing.

## V. PETITIONER'S PROLONGED DETENTION VIOLATES DUE PROCESS

Petitioner has been detained continuously since October 10, 2025—nearly six months—without a constitutionally adequate bond hearing. Even if the Court were to credit the government's arguments regarding statutory detention authority, the Fifth Amendment's Due Process Clause independently requires a meaningful, individualized review when detention becomes prolonged.

The Supreme Court has repeatedly recognized that civil detention is subject to constitutional limits. In *Zadvydas v. Davis*, the Court held that indefinite detention of noncitizens pending removal raises serious constitutional concerns, emphasizing that detention must bear a

PETITION FOR WRIT OF HABEAS CORPUS - 5

reasonable relation to its purpose. Detention beyond a reasonable period—without meaningful review—violates due process.

Petitioner previously received a bond hearing. However, that hearing is now stale and constitutionally insufficient. Circumstances change over time, and due process requires a new, meaningful opportunity to challenge continued detention. A prior bond denial—particularly one occurring months ago—cannot justify indefinite confinement without reconsideration.

Moreover, Respondents' interpretation of § 1225(b) would allow indefinite detention without any individualized review, which is constitutionally impermissible. The Court must therefore ensure that Petitioner receives a timely and adequate bond hearing, where he can demonstrate that he is neither a flight risk nor a danger to the community.

At this stage, continued detention without an updated bond determination is unreasonable, prolonged, and violates the core protections of due process. Granting Petitioner a bond hearing is therefore not merely appropriate—it is constitutionally required.

## VI. EVEN IF § 1225 APPLIES, DUE PROCESS REQUIRES A BOND HEARING

While 8 U.S.C. § 1226(c) and agency regulations generally require exhaustion of administrative remedies before seeking judicial review, exhaustion should be excused here for two independent reasons:

1. **Futility:** Any request for a bond hearing before the Board of Immigration Appeals (BIA) or ICE would be futile. Respondents' own filings concede that Petitioner is detained under § 1226(a), and previous decisions in this District have consistently held that individuals in

PETITION FOR WRIT OF HABEAS CORPUS - 6

Petitioner's circumstances are entitled to a bond hearing. Submitting an administrative request would therefore only delay relief without creating any meaningful chance of a different result.

2. **Due Process:** The Supreme Court and Eleventh Circuit recognize that constitutional rights cannot be indefinitely postponed by administrative procedures. See *Zadvydas v. Davis.* Requiring Petitioner to exhaust administrative remedies when the process cannot provide timely or effective relief would violate due process.

Because exhaustion here would serve only to delay relief and cannot cure the constitutional and statutory violations at issue, the Court should excuse any administrative exhaustion requirement and proceed to grant Petitioner an individualized bond hearing.

## VII. EXHAUSTION IS EXCUSED

Petitioner respectfully requests that the Court issue a writ of habeas corpus requiring Respondents to provide an individualized bond hearing without further delay. Several equitable principles support this request:

1. **Prolonged detention:** Petitioner has been detained since October 10, 2025, and the government has denied bond in a prior hearing. Continuing detention without a fresh, meaningful bond determination imposes severe and unnecessary hardship. Equity favors timely judicial intervention to prevent constitutional violations.

2. **Concession of applicability:** Respondents have conceded that this Court's prior decision in *Espinal Encarnacion* applies and that the facts are materially indistinguishable. Equity supports applying that ruling consistently to Petitioner to avoid arbitrary disparities between similarly situated detainees.

PETITION FOR WRIT OF HABEAS CORPUS - 7

3. **Preservation of rights:** Granting relief ensures that Petitioner receives the process guaranteed by both the Immigration and Nationality Act and the Constitution. Without this Court's intervention, Petitioner faces indefinite detention without meaningful review, a result that is statutorily and constitutionally impermissible.

For these reasons, the Court should order Respondents to provide Petitioner an individualized bond hearing immediately, consistent with § 1226(a) and due process principles.

## VIII. CONCLUSION

Petitioner's continued detention—now approaching six months—without a constitutionally adequate bond hearing violates both the Immigration and Nationality Act and the Due Process Clause.

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. Grant the Petition for Writ of Habeas Corpus;

2. Order Respondents to provide Petitioner with a prompt individualized bond hearing before an immigration judge; and

3. In the alternative, order Petitioner's release pending proceedings under appropriate conditions.

PETITION FOR WRIT OF HABEAS CORPUS - 8

Respectfully submitted,

DATED this 8th of April, 2026.

/s/ **Rafael Verde**

Rafael Verde, Esq.
Counsel for Petitioner
850 NW 42nd Ave
Ste. 306
Miami, FL 33126
EOIR ID: HH284988
*Attorneys for Petitioner*

PETITION FOR WRIT OF HABEAS CORPUS - 9